# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANDRA K. ZIMNICKI, | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 4879 |
| | ) Honorable Charles R. Norgle |
| NEO-NEON INTERNATIONAL, LTD., et al. | ) |
| Defendants. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiff Sandra Zimnicki's ("Zimnicki") motion for an antisuit injunction. For the following reasons, Zimnicki's motion is denied.

## I. BACKGROUND[1]

### A. Legal Proceedings in the United States

On September 8, 2006, Zimnicki, a designer of decorative holiday lighting products, filed a one-count copyright infringement complaint against Menard, Inc., Roman, Inc., and Cornerstone Brands, Inc. d/b/a Frontgate. Zimnicki amended her complaint on January 19, 2007 to add United Hardware Distributing Company d/b/a Hardware Hank as a defendant. On August 24, 2007, Zimnicki amended her complaint again, adding Neo-Neon Holding Ltd. and Seasonal Concept's Inc. as defendants and including four copyright infringement counts. Zimnicki's third amended complaint, filed on November 16, 2007, replaced former defendant Neo-Neon Holding Ltd. with current defendant Neo-Neon International, Ltd. ("Neo-Neon"), who, for a period of time, manufactured Zimnicki's

---

[1] The following facts are taken from the parties' briefs and from plaintiff's fourth amended complaint. Disputed facts are noted within.

holiday lighting products. On March 18, 2009, Zimnicki filed her fourth amended complaint, which is the operative complaint before the Court.

Zimnicki's 60-page fourth amended complaint (the "Zimnicki Complaint" or "Zimnicki's Complaint") contains 441 paragraphs and 34 counts, including 31 claims against Neo-Neon for copyright infringement, trademark infringement and unjust enrichment. Zimnicki's Complaint generally alleges that Neo-Neon and the other defendants have unlawfully infringed upon the valid copyrights and trademarks that Zimnicki possesses with respect to her North Pole Village brand and her corresponding line of decorative holiday lighting products.

**B. Legal Proceedings in China**

On April 23, 2009, Neo-Neon filed a declaratory judgment action against Zimnicki in China in the Intermediate People's Court of Jiangmen, Guangdon Province. According to Neo-Neon, the declaratory judgment action seeks a ruling that the various deer-shaped holiday product designs that Zimnicki copyrighted in the United States – and which Neo-Neon registered with the Chinese Patent Office in 2004 – belong to Neo-Neon and not Zimnicki. Neo-Neon also asserts that it is "in the process" of bringing separate patent infringement claims against Zimnicki in a Chinese court. Neo-Neon Resp. at 2.

**C. Zimnicki's Motion for Antisuit Injunction**

On May 20, 2009, Zimnicki filed a motion before this Court asking for an antisuit injunction against Neo-Neon. One day later, at the Court's request, see May 21, 2009 Order, Zimnicki filed the revised motion for antisuit injunction that is presently before the Court (the "Motion"). The Motion asks the Court to enjoin Neo-Neon from filing or

prosecuting, in any court of law, any lawsuit related to the allegations contained in Zimnicki's Complaint. The Motion is now fully briefed.

## II. DISCUSSION

### A. Standard for Antisuit Injunction

"A federal court's power to enjoin a party from litigating in another country is well established." Affymax, Inc. v. Johnson & Johnson, 420 F.Supp.2d 876, 883 (N.D. Ill. 2006) (citing Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d Cir. 2004)). Courts derive the ability to grant an antisuit injunction from FED. R. CIV. P. 65, see Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 364 (5th Cir. 2003) (describing a foreign antisuit injunction as "a particular subspecies of preliminary injunction"); the All Writs Act, 18 U.S.C. § 1651, see Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft, 491 F.3d 355, 364-65 (8th Cir. 2007); or "their equitable powers." E & J Gallo Winery v. Andina Licores, S.A., 446 F.3d 984, 989 (9th Cir. 2006).

Although there is no dispute that a federal court has the power to grant a foreign antisuit injunction, there is a circuit split concerning what a movant must demonstrate before such an injunction is granted. The First, Second, Third, Sixth, and District of Columbia Circuits "have adopted the 'conservative approach,' under which a foreign antisuit injunction will issue only if the movant demonstrates (1) an action in a foreign jurisdiction would prevent United States jurisdiction or threaten a vital United States policy, and (2) the domestic interests outweigh concerns of international comity." Goss Int'l Corp., 491 F.3d at 359 (citations omitted). In contrast, "the Fifth and Ninth Circuits

follow the 'liberal approach,' which places only modest emphasis on international comity and approves the issuance of an antisuit injunction when necessary to prevent duplicative and vexatious foreign litigation and to avoid inconsistent judgments." Id. at 360 (citations omitted).

Although the Seventh Circuit has acknowledged the circuit split regarding antisuit injunctions, see Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 10 F.3d 425, 431-32 (7th Cir. 1993), it has not yet explicitly stated whether it follows the "conservative" or "liberal" approach. In Philips Med. Sys. Int'l B.V. v. Bruetman, however, the Seventh Circuit did state that it "incline[s] toward the laxer standard . . . ." 8 F.3d 600, 605 (7th Cir. 1993); see also Allendale, 10 F.3d at 431 (7th Cir. 1993) (noting that the Seventh Circuit "lean[s] toward the laxer standard"). As a result, lower courts in the Seventh Circuit generally apply the "lax" standard to motions for antisuit injunctions. See, e.g., U.S. Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd., No. 07 C 3598, 2007 WL 2915647, at *20-21 (N.D. Ill. Oct. 4, 2007).

## B. The Dispositive Effect of the United States Litigation

In the present case, the Court need not definitively determine which standard applies to Zimnicki's Motion because the Motion cannot succeed under either standard. As the E. & J. Gallo Winery court explained, even under the lax standard, "the first step in determining whether an anti-suit injunction is appropriate is to determine whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined." 446 F.3d at 991 (quotations and citations omitted); see also Allendale, 10 F.3d at 431 (noting that the lax standard "allows an injunction against litigating in a foreign forum upon a finding that letting the two suits proceed would be

4

gratuitously duplicative"); Allied Van Lines, Inc. v. Beaman, No. 07 C 2407, 2008 WL 4866052, at *4 (N.D. Ill. July 21, 2008) (denying plaintiff's request for an antisuit injunction because the parties in the foreign litigation were not the same as the parties in the matter before the court); Rauland-Borg Corp. v. TCS Mgmt. Group, Inc., No. 93 C 6096, 1995 WL 31569, at *4 (N.D. Ill. Jan. 26, 1995) (stating that a court considering an antisuit injunction should only examine whether a party initiated a foreign action for a vexatious purpose "after [the court] has determined that the parties and issues in both actions are identical and that resolution of the case before the enjoining court would be dispositive of the enjoined action").

Here, where Zimnicki has filed copyright and trademark infringement claims based on the copyrights and trademarks she holds in the United States, and Neo-Neon has filed a declaratory judgment action against Zimnicki in China based on the designs Neo-Neon supposedly registered with the Chinese Patent Office, Zimnicki cannot demonstrate that the outcome of the present litigation would be dispositive of Neo-Neon's Chinese lawsuit. In the analogous case of Black & Decker Corp. v. Sanyei Am. Corp., where plaintiff brought intellectual property infringement claims against the same defendant in both the United States and Hong Kong, the court noted that "[i]ntellectual property issues . . . involve separate and independent rights arising from the unique laws of each nation." 650 F.Supp. 406, 409 (N.D. Ill. 1986). Therefore, even though the underlying facts of the two actions "[we]re virtually identical and the relief sought [was] similar," the court could not conclude that the resolution of one action would be dispositive of the other - and therefore denied the antisuit injunction – because the actions would be decided under potentially dissimilar intellectual property laws. Id.

Similarly in Rauland-Borg, plaintiff filed trademark infringement actions in both the United States and Canada alleging, respectively, that defendant infringed upon plaintiff's United States and Canadian trademarks. 1995 WL 31569, at *1-2. Defendant then moved to enjoin plaintiff from prosecuting its Canadian lawsuit. Id. at *2. The Rauland-Borg court concluded that enjoining plaintiff from pursuing its Canadian action was not appropriate, "even given the substantial similarity between the parties and the issues in each action," because the "resolution of the U.S. action would not be dispositive of the Canadian action." Id. at *3-4. The court explained that:

> Each action implicates a different set of laws. The parties have presented nothing to indicate that the provisions of the Canadian Trademark Act implicated in the Canadian action, or more importantly Canadian Courts' interpretations of such provisions, are the same or substantially similar to the provisions of the Lanham Act and U.S. common law implicated in the U.S. action.

Id. at *4.

As in Rauland-Borg, Zimnicki has not presented the Court with evidence that the Chinese intellectual property laws applicable to Neo-Neon's declaratory judgment action are the same or similar to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., and the Lanham Act, 15 U.S.C. § 1051, et seq., implicated by Zimnicki's Complaint. Thus, although the parties in the present litigation and Neo-Neon's Chinese litigation are identical and the underlying facts are likely similar, Zimnicki has not carried her burden of demonstrating that the resolution of her Complaint would be dispositive of the Chinese action. Therefore, under Allendale, Black & Decker and Rauland-Borg, Zimnicki's Motion must be denied.

## III. CONCLUSION

For the foregoing reasons, Zimnicki's motion for an antisuit injunction is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: July 30, 2009